procedure, as well as "Peace Time Economy," the declared objective of the agency here involved, I do not feel justified in indulging in presumptions to bolster subpoenas, issued like this one, by a subordinate agency employee. The subpoena will be quashed because indefinite as to time.

I might add: I do not understand that a minor Government official can summon people at will to give testimony about their affairs and the affairs of their customers and neighbors. A United States Attorney cannot do that.

### COOK v. UNITED STATES et al.

### UNITED STATES v. COOK.

Civil Action No. 3329.

District Court, D. Oregon.

Nov. 18, 1946.

Maguire, Shields & Morrison, of Portland, Or. (Robert F. Maguire, James G. Smith, and Randall B. Kester, all of Portland Or., of counsel), for plaintiff.

Frank D. James, Jr., of Seattle, Wash., and Edward B. Twining, Asst. U. S. Atty., of Portland, Or., for defendants.

McCOLLOCH, District Judge.

While, as I stated at the argument, a judge need not in every case decline to enforce an administrative subpoena because too broad, nevertheless the urgency is so great to get the country back to peace time